UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC WALKER**, | ) | Case No.  1:08 CV 1011 |
| | ) | |
| Petitioner, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **WANZA JACKSON**,[1] | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Eric Walker was convicted and sentenced in the Cuyahoga County, Ohio Common Pleas

Court after being found guilty following jury trial on 30 counts of offenses against his daughters

ranging from rape of a child under 13 years of age, rape, gross sexual imposition, and kidnaping.

He was also indicted on a 31st count of carrying a weapon while under disability, and convicted

following  bench trial. See *State v. Walker*, 2006 WL 3378426 ¶¶2-3, 2006-Ohio-6188 (Ohio App.

8 Dist.). He was sentenced to multiple terms of life imprisonment and has exhausted his state

appeals. Walker has now petitioned this federal district court for habeas corpus relief under 28

U.S.C. §2254 from his convictions raising 11 grounds for review.[2] As shall be explained, federal

---

[1] Walker named the State of Ohio as respondent and respondent noted in the answer that Ed Voorhies, was the Warden at the Southern Ohio Correctional Facility where Walker had been incarcerated.  Since then Walker was moved to the Warren Correctional Institution where Wanza Jackson serves as Warden. See Address Change Notice ECF # 15 and Warren Correctional Institution's website at http://www.drc.state.oh.us/public/wci.htm (accessed February 6, 2009). The sole proper respondent is the person with the ability to produce the petitioner's body before the habeas court. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Accordingly Wanza Jackson is substituted as the proper respondent pursuant to Fed. R. Civ. P. 25.

[2] **GROUND FOR RELIEF NO. 1**: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
**GROUND FOR RELIEF NO. 2**: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
**GROUND FOR RELIEF NO. 3**: Denial of effective assistance of [trial] counsel [and] right to effective assistance of [trial] counsel.
**GROUND FOR RELIEF NO. 4**: Conviction obtained by plea of guilty [to being voluntarily classified as a sexual predator] which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

2

review under §2254 is barred due to multiple procedural defaults that occurred in the state review process.

*Procedural History:*

Walker timely appealed from his convictions and sentences and on November 22, 2006, a state appellate court affirmed the convictions but remanded for resentencing. *State v. Walker*, 2006 WL 3378426, 2006-Ohio-6188 (Ohio App. 8 Dist.). This decision was journalized on December 4, 2006, but no timely appeal was taken.

On February 23, 2007, Walker filed a "motion for App. R. 26(A) reconsideration, motion for App. R. 26(B) reopening, motion for ineffective assistance of appellant counsel." See *State v. Walker*, 2007 WL 1705582 ¶ 2, 2007-Ohio-2917(Ohio App. 8 Dist.). These were followed by motions for reopening and for reconsideration filed on April 12, 2007, April 19, 2007, and May 25, 2007. *Id.*, at ¶¶ 3-4.  On June 11, 2007, a state appellate court denied these motions and no appeal was taken.

---

**GROUND FOR RELIEF NO. 5**: Denial of effective assistance of [trial] counsel.
**GROUND FOR RELIEF NO. 6**: Denial of effective assistance of [trial] counsel.
**GROUND FOR RELIEF NO. 7**: Conviction obtained by the unconstitution[al] failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
**GROUND FOR RELIEF NO. 8**: Denial of effective assistance of [trial] counsel.
**GROUND FOR RELIEF NO. 9**: Denial of effective assistance of [trial] counsel.
**GROUND FOR RELIEF NO. 10**: Denial of effective assistance of [trial] counsel.
(Respondent counts eleven grounds stating that ground ten was mistakenly labeled as ground nine and ground eleven was mistakenly labeled as ground ten. No matter how they are numbered, these grounds raised instances of alleged ineffective assistance of trial counsel)

3

On June 18, 2007, Walker filed a notice of appeal and motion for delayed appeal in the Ohio Supreme Court from the December 4, 2006 judgment on direct appeal. (See Respondent's Ex. 15-17).  Delayed appeal was denied by the Ohio Supreme Court on August 29, 2007. See *State v. Walker*, 114 Ohio St.3d 1504, 872 N.E.2d 947, 2007-Ohio-4285 (Table Aug. 29, 2007), Respondent's Ex. 18.

Walker was resentenced by the trial court on  March 13, 2007. See *Walker*, 2007 WL 1705582 ¶ 4. On May 1, 2007, Walker filed a notice of appeal from his resentencing which was dismissed as untimely on June 14, 2007. See Respondent's Ex. 28-30. No appeal was taken.

On October 4, 2007, Walker filed for state post-conviction relief under Ohio Rev. Code §2953.23 in the Common Pleas Court followed by a motion to submit additional evidence. (Respondent's Ex. 40-41). Both were denied on October 16, 2007 and October 25, 2007, respectively (Respondent's Ex. 42). Again, no appeal was taken.

On October 5, 2007, Walker filed a second notice of appeal from his convictions, which was dismissed on October 16, 2007 for failure to include a praecipe as required by Local Rule 9(B). (Respondent's Ex. 33). On October 29, 2007, Walker filed an "application for reconsideration, Local Rule 22, App. R. 22(D) and 26(A)" and "supplement"  with the state appellate court seeking reconsideration of the October 16, 2007 dismissal which he  (Respondent's Ex. 34-35). The motion for reconsideration and appeal were dismissed on October 30, 2007. (See Respondent's Ex. 32, Docket in CA-07-090521).

4

On December 3, 2007, Walker returned to the Ohio Supreme Court filing a notice of appeal from the October 16, 2007 dismissal. (Respondent's Ex. 36. *State v Walker*, Case No. 2007-2241 (Ohio Sup. Ct.). In his memorandum in support of jurisdiction he presented two propositions of law: first, that the State's evidence was insufficient to sustain conviction; and second, that his convictions were against the manifest weight of the evidence. (Respondent's Ex. 37, *Id.*). The appeal was dismissed as not involving any substantial constitutional question. *State v. Walker*, 117 Ohio St. 3d 1408, 881 N.E.2d 275, 2008-Ohio-275 (Table Feb. 20, 2008), Respondent's Ex. 39). This dismissal was followed by Walker's uncounseled petition under 28 U.S.C. §2254 dated April 13, 2008, which raised the ten grounds identified in note two.

*Procedural Default:*

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. See *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

*Seymour v. Walker,* 224 F.3d 542, 550 (6th Cir. 2000).

Respondent's arguments for dismissal due to procedural default only succeed if the state procedure satisfies the standards set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). See *Jells v. Mitchell,* 538 F.3d 478, 488 (6th Cir. 2008).[3]  Respondent begins her argument  citing *Bonilla v.*

---

[3]  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim." The fourth factor, whether the petitioner has established cause for his failure to follow the rule and actual

5

*Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004), that Walker's untimely appeal to the Ohio Supreme Court has resulted in a procedural default barring federal review. Respondent is correct.

Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision. See Ohio S.Ct Prac.R. II §2(A)(1). The Ohio Supreme Court may in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II §2(A)(4)(a). However, in those instances where the Ohio Supreme Court chooses not to allow the delayed appeal, the Sixth Circuit holds in *Bonilla v. Hurley,* that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is presumed to enforce any applicable procedural bar. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave, and is an "adequate and independent" basis for procedural default consistent with *Maupin v. Smith*, which can foreclose federal habeas review. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).

---

prejudice from the alleged constitutional error, applies when the first three have been established.

*Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001)(quoting *Maupin* at 138); and see *Beuke v. Houk,* 537 F.3d 618, 630 (6th Cir. 2008).

6

Walker failed to  prosecute appeals to the Ohio Supreme Court from the trial court's and state appellate court's other decisions, save the December 3, 2007 appeal,  which produces another type of procedural default. The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights.  See  *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982);  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 109 S.Ct. 2546, 2557, 115 L.Ed.2d 640(1991).  "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To be "fairly presented" the federal ground must also have been presented under the same theory as presented to the state court.  See *Caver v. Straub*, 340 F.3d 340, 346 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1939, 161 L.Ed. 779 (2005).  "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001), *cert. denied*, 534 U.S.1147 (2002).  A failure to fairly present the federal ground to the state's highest court constitutes an adequate and independent state procedural rule barring habeas review.  See  *Leroy v. Marshall*, 757  F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* 546 U.S. 821 (2005). [4]

---

[4]  Respondent correctly points to other "adequate and independent" state procedural rules for procedural default that were used to dismiss Walker's arguments in state court as: the state doctrine of *res judicata* (See *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998); and untimeliness of the application to reopen appeal (See *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002)).  However, given that Walker failed to appeal to the Ohio Supreme Court from the denials of his

7

*Walker did not have "Cause" to Excuse the Procedural Default:*

The first three factors from *Maupin* are established which leads to the final factor of cause and prejudice. In order to overcome a procedural default a petitioner must demonstrate both cause and prejudice, and the failure to establish either is sufficient to bar the claim.  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 1852 , 158 L.Ed.2d 659 (2004). Generally, "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley*, 370 F.3d at 497, quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); and see  *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000); *House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).


"Cause" is a legitimate excuse for the default and "prejudice" is the actual harm resulting from the alleged constitutional violation. *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). To establish "cause" barring ineffective assistance of counsel, a petitioner must present a substantial

---

motions for reconsideration, applications for reopening appeal, and motion for state post-conviction relief, these alternative bases for procedural default have become immaterial.

Also where Walker did "fairly present" his claims in his December 3, 2007 appeal to the Ohio Supreme Court, his propositions of law of lack of  sufficient  evidence and conviction against the manifest weight of the evidence are not contained within the grounds presented for federal review, so they lack presentation upon the same legal theory in state court.

8

reason based on "some objective factor external to the defense ." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) ; *Strickler v. Greene*, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

In his June 18, 2007 memorandum in support of jurisdiction to the Ohio Supreme Court seeking delayed appeal, Walker excuses his delay with three reasons, the first being delay in defense counsel's forwarding a copy of the state appellate court's judgment journalized on December 4, 2006 in the direct appeal. (See Motion to File Delayed Appeal, Respondent's Ex. 16). Walker states he did not receive the decision on his appeal until December 11, 2006. (Ex. 16 page 3). Obviously, this in not cause for some external factor to the defense. When ineffective assistance of counsel is used as "cause" it must have been presented as an "independent claim" to the state's highest court, and not itself procedurally defaulted. See *Murray v. Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646; *Edwards v. Carpenter*, 529 U.S. at 453, 120 S.Ct. at 1592; *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005). When Walker failed to timely appeal from the June 11, 2007 denial of his Ohio R. App. P. 26(B) application, he procedurally defaulted on this matter and any future appeal is barred since a delayed appeal of Ohio R. App. P. 26(B) applications is expressly precluded under Ohio Sup. Ct. Prac.R. II §2(A)(4)(b).  Further, it was not prejudicial since Walker admits to receiving his copy of the judgment only 1-week after it was journalized, and that left him with 38 days to timely lodge his appeal with the Ohio Supreme Court.

Walker also alleges ineffective assistance of counsel numerous times in his grounds for habeas relief.  Aside from defaulting on claims of ineffective assistance of counsel in the state

9

courts, in order to constitute "cause" to excuse a procedural default, there must be a right to assistance of counsel in the state proceeding in th first place. See *Coleman*, 501 U.S. at 752, 111 S.Ct. at 2566. First, there is no right to counsel in second-tier discretionary review to the state's highest court. See *Ross v. Moffitt*, 417 U.S. 600, 610, 94 S.Ct. 2437, 481 L.Ed.2d 341 (1971); *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 2583, 162 L.Ed. 2d 552 (2005). Second, there is no right to effective assistance of counsel in Ohio R. App. P. 26(B) proceedings. See *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc). Finally, ineffective assistance of trial counsel is not "cause" to excuse the failure to raise all of claims in state post-conviction relief. See *Hannah v. Conley*, 49 F.3d at 1197, citing *Ewing*, 799 F.2d at 1151.

Walker follows explaining that in his motion for delayed appeal to the Ohio Supreme Court that he was transferred from Lebanon Correctional Institution on August 21, 2006 to Southern Ohio Correctional Facility where he was placed in administrative control (isolation) from August 21, 2006 through January 23, 2007. (Ex. 16 page 2, 5). However, this does not constitute "cause or prejudice." Inmates in administrative control may obtain a "legal kit," have rights to legal services, and:

> Inmates in local control, protective control, administrative control, and security control shall be afforded the same access to legal materials as those in general population, except that they may not go to the law library. In the event an inmate is not permitted access to the law library premises, legal materials shall be provided to the inmate on a reasonable basis. Such inmates may have such assistance from other inmates as is authorized by the managing officer .

Ohio Adm. Code 5120-9-20.

10

Consequently , Walker's claim of placement in administrative control, standing alone, is insufficient to make his case for "cause and prejudice" to overcome the procedural default.

Walker's third excuse is the claim of  lack of legal knowledge, which is presented both in his state memorandum and as "cause" in the petition. (See Petition at # 13).  First  however, a prisoner's "pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts." *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1999), citing *Ewing v. McMackin*, 799 F.2d 1143, 1151 (6th Cir. 1986). Second, "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Consequently, lack of legal training is insufficient to establish "cause and prejudice."

*Walker cannot show  actual innocence:*

This leaves the final issue whether there has been a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent.  See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( (2004); *Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. at 327, 115 S.Ct. at 867, 130 L.Ed.2d 808 (1995). To succeed, Walker would need to present "new reliable evidence. . . that was not presented at trial" *Schlup*, 513 U.S. at 324. "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."  *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). "In *Schlup*, the [ Supreme] Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must

11

establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. at 536-37, 126 S.Ct. at 2076 -2077.  This requires support from, "allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Schlup*, 513 U.S. at 324; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Walker has not produced new evidence as a gateway for federal review of the ground, and consequently fails to establish a fundamental miscarriage of justice which resulted in the conviction of an actual innocent.

## CONCLUSION AND RECOMMENDATION

Federal review of this petition is foreclosed by procedural bar from the state courts' application of adequate and independent state procedural rules absent Walker's demonstration of "cause and prejudice" to excuse the procedural default or establishing actual innocence. Accordingly, petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  There has been no demonstrated need for an evidentiary hearing. It is recommended that this application for habeas corpus be denied.

s/James S. Gallas
United States Magistrate Judge

Dated: Febrary 6,  2009

12

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).