UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WALKER, *Pro Se*, | ) | Case No.: 1:08 CV 1011 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WANDA JACKSON, WARDEN[1], | ) | |
| | ) | |
| Respondent | ) | ORDER |

*Pro se* Petitioner Eric Walker ("Petitioner" or "Walker") was convicted and sentenced in the Cuyahoga County Court of Common Pleas after being found guilty, following a jury trial, on 30 counts of offenses against his daughters, including: rape of a child under 13 years of age with firearm specifications; rape with firearm specifications; gross sexual imposition; and kidnapping with firearm specifications. Additionally, Walker was indicted on a 31st count of carrying a weapon while under disability and convicted following a bench trial on that count. The trial court sentenced Walker to a prison term of two life sentences plus 90 years.

---

[1] Subsequent to filing his Petition, Walker was moved to the Warren Correctional Institute, where Wanda Jackson ("Jackson") serves as Warden. As the Magistrate Judge correctly noted in his Report and Recommendation ("R&R"), Jackson is therefore substituted as the proper respondent, pursuant to Federal Rule of Civil Procedure 25, because she is the person with the ability to produce the petitioner's body before the habeas court. (R&R at 1, n.1, citing *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004)).

After exhausting his state appeals, Walker subsequently filed the pending Petition Under 28 U.S.C. § 2254 (ECF No. 1), which raises ten grounds for review.  The case was then referred to Magistrate Judge James S. Gallas ("Magistrate Judge").  The Magistrate Judge issued his Report and Recommendation ("R&R") on February 6, 2009, wherein he recommended that this court dismiss Walker's Petition and notified Walker that he must file any Objections to the R&R by Friday, February 20, 2009.  (R&R, ECF No. 17.)  Petitioner filed his untimely Objections to the R&R on Monday, February 23, 2009.  (ECF No. 19.) Petitioner subsequently filed the following, untimely Motions: (1)  Motion to Allow Docket Number Seven and Docket Number Nine, which was filed on March 23, 2009 (ECF No. 20); (2) Motion to Present a Claim of Actual Innocence and a Denial of Effective Assistance of Trial and Appellant Counsel, which was filed on April 22, 2009 (ECF No. 21); (3) Motion to Present Evidence, which was filed on April 22, 2009 (ECF No. 22); and (4) Notice of Motion to Present Evidence, which was filed on June 11, 2009 (ECF No. 23).  For the following reasons, the court dismisses Walker's Petition and denies the above-stated Motions as moot.

## I. PETITIONER'S GROUNDS FOR RELIEF

Walker's grounds for habeas relief are set forth below:

(1) **Ground One:** Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(2) **Ground Two**:  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(3) **Ground Three**: Denial of effective assistance of [trial] counsel and right to effective assistance of trial counsel.

(4) **Ground Four:** Conviction obtained by plea of guilty [to being voluntarily classified as a sexual predator] which was unlawfully induced or not made

> voluntarily with understanding of the nature of the charge and the consequences of the plea.
>
> (5) **Ground Five:** Denial of effective assistance of [trial] counsel.
>
> (6) **Ground Six:** Denial of effective assistance of [trial] counsel.
>
> (7) **Ground Seven:** Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
> (8) **Ground Eight:** Denial of effective assistance of [trial] counsel.
>
> (9) **Ground Nine:** Denial of effective assistance of [trial] counsel.
>
> (10) **Ground Ten:** Denial of effective assistance of [trial] counsel.

(R&R at 1, n.2, citing Pet. at 5-25.)

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge issued his R&R, which concluded that Walker's untimely appeal to the Ohio Supreme Court resulted in a procedural default of his claims, and he failed to show cause and prejudice to excuse his procedural default. (R&R at 5-9.) As the Supreme Court recognized in *House v. Bell,* 547 U.S. 518, 537 (2006), "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" (Citation omitted). The Magistrate Judge found that Walker failed to produce new evidence to support his actual innocence claim. (R&R at 10-11) (citations omitted.) Accordingly, the Magistrate Judge recommended that the court dismiss Walker's Petition.

### III. PETITIONER'S OBJECTIONS

Walker filed his untimely Objections to the R&R on February 23, 2009. Walker's Objections merely reiterate the arguments asserted in his Petition and fail to adequately address the Magistrate Judge's conclusions that Walker's claims were procedurally defaulted and that he failed to demonstrate cause and prejudice or a colorable actual innocence claim.

### IV. FINDINGS

As noted above, Petitioner's Objections merely reiterate the same arguments that he previously made in his Petition. Upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R.

### V. CONCLUSION

The court hereby dismisses Walker's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1). Therefore, the court denies as moot: (1) Walker's Motion to Allow Docket Number Seven and Docket Number Nine (ECF No. 20); (2) Walker's Motion to Present a Claim of Actual Innocence and a Denial of Effective Assistance of Trial and Appellant Counsel (ECF No. 21); (3) Walker's Motion to Present Evidence (ECF No. 22); and (4) Walker's Notice of Motion to

Present Evidence (ECF No. 23).  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                                            /s/ SOLOMON OLIVER, JR.
                                            UNITED STATES DISTRICT JUDGE

June 26, 2009